IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERENCE A. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-396-GMS |
| | ) |
| COMMISSIONER CARL DANBERG, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Terence A. Jones ("Jones"), an inmate at the Howard R. Young

Correctional Institution ("HRYCI"), Wilmington, Delaware, filed this lawsuit pursuant to 42

U.S.C. § 1983.[1]  (D.I. 2.)  He appears *pro se* and was granted permission to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915.  (D.I. 5.)  The court now proceeds to review and screen

the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

On February 4, 2004, Jones detained and charged with burglary and violation of probation

("VOP") charges.  He had been on probation in 1998 and 1999.  He was sentenced in June 2004,

first as to the probation sentences, and then on the burglary charges.  Jones was declared a

habitual offender and given two year sentences to be served consecutively, with no probation to

follow.  Jones participated in certain programs at the HRYCI which allowed Jones to acquire

good time.

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*West v. Atkins,* 487 U.S. 42, 48 (1988).

Jones was given a conditional release on August 7, 2007, under the supervision of the defendant probation officer Stewart Moskowitz ("Moskowitz"). Moskowitz and Jones did not agree on the probation release date, but Moskowitz produced documents indicating that Jones would continue serving probation after February 13, 2008, to satisfy the prison term Jones was sentenced to in 1998 and 1999. Jones alleges that Moskowitz made an error in reading his sentencing order because the prior probation sentence was rescinded and an habitual sentence imposed.

Jones repeatedly told Moskowitz that he was no longer on probation, their relationship deteriorated, and Moskowitz threatened Jones that "he was going to violate [his] probation." Jones suffered emotionally as a result of the stress and received psychiatric treatment. He alleges that Moskowitz caused issuance of a warrant for Jones's arrest for VOP, but Jones was not responsible or answerable to the charges. Jones alleges that Moskowitz violated his constitutional rights by maintaining him as a person under the control and supervision of the Bureau of Community Corrections Adult Probation and Parole, while no longer authorized to do so. Jones seeks punitive damages and injunctive relief.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most

favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Jones proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Jones leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

-3-

(2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Jones has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Jones's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*,129 S.Ct. at 1949  (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Personal Involvement

Commissioner Carl Danberg, Rick Figuerelle, Craig Watson, and Ann Glenn are named as defendants, but the complaint contains no allegations directed towards them. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge*

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

*Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)). The court finds that with regard to the foregoing defendants, the complaint fails to meet the pleading requirements of T*wombly* and *Iqual.* Jones' claims against Danberg, Figuerelle, Watson, and Glenn lack an arguable basis in law or in fact and they will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Jones may proceed against Moskowitz. Liberally construing the complaint as the court must, Jones appears to have stated a claim against Moskowitz. *See Sample v. Diecks,* 885 F.2d 1099, 1107-08 (3d Cir. 1989) (an inmate's detention beyond his or her maximum term of imprisonment could constitute cruel and unusual punishment in violation of the Eighth Amendment.); *see also Montanez v. Thompson,* 603 F.3d 243 (3d Cir. 2010).

## IV. CONCLUSION

For the above reasons, the court will dismiss the claims against Carl Danberg, Rick Figuerelle, Craig Watson, and Ann Glenn as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Jones may proceed against Stewart Moskowitz.

An appropriate order will be entered.

CHIEF UNITED STATES DISTRICT JUDGE

_____ 10 , 2010
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TERENCE A. JONES,                          )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 ) Civ. Action No. 10-396-GMS
                                           )
COMMISSIONER CARL DANBERG,                 )
et al.,                                    )
                                           )
                Defendants.                )

## ORDER

At Wilmington this _10th_ day of _August_____, 2010, for the reasons set forth in
the Memorandum issued this date, it is hereby ordered that:

1. The claims against the defendants Carl Danberg, Rick Figuerelle, Craig Watson, and
Ann Glenn are **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The court has identified what appear to be cognizable claims within the meaning of 28
U.S.C. § 1915A against the defendant Stewart Moskowitz. The plaintiff is allowed to **proceed**
against this defendant.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall provide the court with
"USM-285" forms for the **remaining defendant Stewart Moskowitz** as well as for the
**Attorney General of the State of Delaware**, 820 N. FRENCH STREET, WILMINGTON,
DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). The plaintiff has provided
the court with copies of the complaint. (D.I. 2). **The plaintiff is notified that the United States**

**Marshal Service ("USMS") will not serve the complaint until all "U.S. Marshal 285" forms**

**have been received by the clerk of court.  Failure to provide the "U.S. Marshal 285" forms**

**for the remaining defendant and the attorney general within 120 days from the date of this**

**order may result in the complaint being dismissed or the defendants being dismissed**

**pursuant to Federal Rule of Civil Procedure 4(m).**

3.  Upon receipt of the form(s) required by paragraph 2 above, the USMS shall forthwith

serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and

a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4.  A defendant to whom copies of the complaint, this order, the "Notice of Lawsuit"

form, and the "Return of Waiver" form have been sent, pursuant to Fed. R. Civ. P. 4(d)(1), has

thirty days from the date of mailing to return the executed waiver form.  Such a defendant then

has sixty days from the date of mailing to file its response to the complaint, pursuant to Fed. R.

Civ. P. 4(d)(3).  A defendant residing outside this jurisdiction has an additional thirty days to

return the waiver form and to respond to the complaint.

5.  A defendant who does not timely file the waiver form shall be personally served and

shall bear the costs related to such service, absent good cause shown, pursuant to Fed. R. Civ. P.

4(d)(2).  **A separate service order will issue in the event a defendant does not timely waive**

**service of process.**

6.  No communication, including pleadings, briefs, statement of position, etc., will be

considered by the court in this civil action unless the documents reflect proof of service upon the

parties or their counsel.

7.  **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous Service Orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

8.  **Note:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

CHIEF, UNITED STATES DISTRICT JUDGE

-3-